

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Jul 06, 2026

IN RE:

**DEBRA LEANN MCDANIEL and
CRYSTAL DAWN MCDANIEL,**

**Debtors.**

**Case No. 25-11913-T
Chapter 13**

### ORDER DENYING AMENDED MOTION TO RECONSIDER
### ORDER DISALLOWING CLAIM

THIS MATTER comes before the Court pursuant to the Amended Motion to Reconsider Order Disallowing Claim (the "Motion"),[1] filed by Cameron Greenhagen and Kelly P. Cole ("Creditors"); and Debtors' Objection to the Amended Motion to Reconsider Order Disallowing Claim (the "Objection"),[2] filed by Debra LeAnn McDaniel and Crystal Dawn McDaniel ("Debtors"). The Court held a telephonic hearing on the Motion and Objection on June 30, 2026 (the "Hearing"), after which the Court took the matter under advisement. This Order is entered pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[3] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Matters concerning allowance or disallowance of claims against the estate are core proceedings as defined by 28 U.S.C. § 157(b)(2)(B).

---

[1] ECF No. 54.

[2] ECF No. 55.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

### Background

On December 18, 2025, Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Creditors filed their Amended Proof of Claim No. 14 (the "Claim") seeking $45,000.00 from the estate for allegedly violating the Oklahoma Residential Property Disclosure Act.[4] The Claim instructed that notices and payments be sent to Creditors at 2714 East 22nd Street Tulsa, OK 74114.[5] The Claim was completed and signed by Creditors' counsel, Brian J. Rayment, who included his contact information as the "person who is completing and signing this claim[.]"[6] On March 5, 2026, Debtors filed their Objection to Proof of Claim and sent a copy of the objection to Creditors via first class mail the same day.[7] The Court then sustained Debtors' objection, noting that Creditors had not filed a response, and disallowed the Claim on April 8, 2026.[8] After receiving notice of the Court's Order Granting Debtors' Objection to Proof of Claim Number 14, Creditors filed their Motion to Reconsider Order Disallowing Claim on May 13, 2026, which they amended the following day.[9]

In the Motion, Creditors request that the Court vacate its order disallowing their claim because Mr. Rayment did not receive notice of Debtors' objection. Additionally, while acknowledging that no payments to unsecured creditors will occur under Debtors' approved plan, Creditors state that they also seek relief to retain their claim should the case be dismissed in the future. In response, Debtors assert that the mailing of their objection to Creditors at the address listed on the Claim was proper and satisfied Debtors' service obligation. Debtors also point to the

---

[4] *See* Claim No. 14-2.
[5] *See id.* Creditors confirmed the accuracy of the address listed on the Claim at the Hearing.
[6] *Id.*
[7] *See* ECF No. 29.
[8] *See* ECF No 41.
[9] *See* ECF Nos. 50, 54.

fact that, in addition to not entering an appearance on Creditors' behalf, Mr. Rayment did not list his own name and address for notice and payment purposes on the Claim.

At the Hearing, Mr. Rayment reiterated the assertion that he never received notice of Debtors' objection. He also claimed that Creditors likewise never received notice of the objection and stated that he could provide an affidavit to that effect.

### Discussion

Although not specified in the briefing, the Motion is presumably based on § 502(j), implemented by Federal Rule of Bankruptcy Procedure 3008, which allows a party in interest to move a court to reconsider an order allowing or disallowing a claim for cause.[10] Determining whether reconsideration is warranted is a two-step process. "First, a court must decide whether there is 'cause' for reconsideration. Then, the court must decide whether the 'equities of the case' dictate allowance or disallowance of the claim."[11] However, "[a]bsent a showing of cause, there is no basis to reconsider anything."[12] Furthermore, it is the movant's burden to show that cause for reconsideration exists.[13]

The first step, determining cause, is informed by Federal Rules of Bankruptcy Procedure 9023 and 9024, which incorporate Federal Rules of Civil Procedure 59 and 60.[14] If a motion for

---

[10] *Dorula v. Flanders (In re Starlight Grp., LLC)*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014).

[11] *Id.* at 293 (quoting *In re Durham*, 329 B.R. 899, 903 (Bankr. M.D. Ga. 2005)); *see In re Egbune*, No. 16-006, 2016 WL 6996129, at *6 (10th Cir. BAP Nov. 30, 2016).

[12] *In re Green Copper Holdings, LLC*, No. 25-10088, 2026 WL 1460052, at *2 (Bankr. N.D. Okla. Mar. 10, 2026) (citing *In re Morningstar*, 433 B.R. 714, 717 (Bankr. N.D. Ind. 2010)).

[13] *Id.* (citing *Cassell v. Shawsville Farm Supply, Inc.*, 208 B.R. 380, 382 (W.D. Va. 1996)); *In re Masterson*, 556 B.R. 391, 393 (Bankr. N.D. Ind. 2016).

[14] *See In re Torline*, No. 05-12251, 2007 WL 1137184, at *2 (Bankr. D. Kan. Apr. 13, 2007); *United States v. Levoy (In re Levoy)*, 182 B.R. 827 (9th Cir. BAP 1995); *Colley v. Nat'l Bank of Tex. (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987); *In re W.F. Hurley Inc.*, 612 F.2d 392, 396 n.4 (8th Cir.1980).

reconsideration is filed more than fourteen days after the original order, then it is subject to review under Rule 60(b).[15] Here, the Court entered its Order Granting Debtors' Objection to Proof of Claim Number 14 on April 8, 2026.[16] Creditors then filed their Motion to Reconsider on May 13, 2026,[17] and their Amended Motion to Reconsider on May 14, 2026.[18] Therefore, Rules 9024 and 60(b) apply.

Rule 60 "permits the filing of a motion for relief from an order . . . based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief, within one year of the entry of the challenged order."[19] Although courts may grant relief for "any other reason that justifies relief[,]" the exercise of such discretion is not unlimited and must be "reserved for cases 'involving extraordinary circumstances and only when such [relief] is necessary to accomplish justice.'"[20]

Failing to "explicitly allege fraud, mistake, inexcusable [*sic*] neglect or any of the other matters enumerated in Rule 60" in and of itself is sufficient reason to reject a motion for reconsideration.[21] Here, Creditors have not pleaded or identified any cause under Rule 60(b) why the Court should reconsider the disallowance of the Claim. Thus, Creditors have not met their burden to demonstrate cause for reconsideration. Assuming, *arguendo*, Creditors had asserted a basis for cause, it would appear that the only grounds under Rule 60(b) upon which to predicate

---

[15] *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 209 (9th Cir. BAP 2006) (referencing Fed. R. Bankr. P. 9023(b)).
[16] ECF No. 41.
[17] ECF No. 50.
[18] ECF No. 54.
[19] *In re Bishop*, 463 B.R. 142, 2010 WL 4456165, at *4 (10th Cir. BAP Nov. 4, 2010) (citing first Fed. R. Bankr. P. 9024; and then Fed. R. Civ. P. 60(b), (c)).
[20] *In re Torline*, 2007 WL 1137184, at *3 (quoting *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996)).
[21] *Id.* (citing *In re Colley*, 814 F.2d at 1010).

the Motion would be "mistake, inadvertence, surprise, or excusable neglect." Thus, the Court now asks whether failure to receive notice despite proper mailing constitutes "inadvertence" in this case.

There is a general presumption of receipt once a party has properly addressed and mailed a document, even if said document is not actually received by the intended party.[22] To overcome the presumption of receipt, a party disputing receipt must provide more than mere denial.[23] Otherwise, parties would be "permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, [and] the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled."[24] Moreover, failure to receive notice does not absolve the intended recipient of all responsibility. Courts have repeatedly admonished parties for failing to actively monitor case dockets.[25]

A presumption of delivery and receipt arose when Debtors filed a Certificate of Mailing with the Court demonstrating that they sent notice of their objection to the address as listed on the Claim.[26] Neither Mr. Rayment's nor Creditors' assertions denying receipt are enough to overcome the presumption. Furthermore, Debtors were not required to send notice to Mr. Rayment, as Creditors never identified Mr. Rayment as a recipient of notice. Had they done so or had Mr.

---

[22] *Brock v. Cohen (In re Richard D. Van Lunen Charitable Trust)*, 598 F. Supp. 3d 1114, 1122 (D. Colo. 2022) (citing first *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994); and then *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir. 1998)).

[23] *Id.* (citing *In re Loomas*, 501 B.R. 461, 2013 WL 5615943, at *4 n.38 (10th Cir. BAP Oct. 15, 2013)).

[24] *In re Otero Cnty. Hosp. Ass'n, Inc.*, 551 B.R. 463, 478 (Bankr. D.N.M. 2016) (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP 1987)).

[25] *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal.") (citing first *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007); and then *Reinhart v. United States Dep't of Agric.*, 39 F. App'x 954, 956-57 (6th Cir. 2002)).

[26] *See* ECF No. 29.

Rayment entered an appearance on their behalf, counsel likely would have received electronic notice via the CM/ECF system.[27] Therefore, even if Creditors had presented the Court with "inadvertence" as the basis for reconsideration, they would not have met their burden to establish cause pursuant to § 502(j).

The Court also notes Creditors will not suffer prejudice or harm due to disallowance of the Claim given that there will be no payments made to unsecured creditors under Debtors' approved plan. Furthermore, if the case is dismissed, Creditors will be returned to the same position as if the bankruptcy had not been filed, thus ameliorating any concern about retention of their claim.[28]

Creditors have not alleged any cause under § 502(j) justifying reconsideration of the Court's Order Granting Debtors' Objection to Proof of Claim Number 14. Creditors and Mr. Rayment's claims that they failed to receive notice of Debtor's objection to the Claim is not a sufficient basis upon which to grant reconsideration. Additionally, the disallowance of the Claim will cause Creditors minimal harm, if any. Thus, the Court finds that granting the Motion under these circumstances would be an abuse of discretion.

### Conclusion

IT IS THEREFORE ORDERED that the Amended Motion to Reconsider Order Disallowing Claim, at ECF No. 54, is hereby DENIED.

Dated this 6th of July, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

---

[27] *Yeschick*, 675 F.3d at 629 (noting that electronic dockets are widely available via the CM/ECF system, thus rendering a party's affirmative duty to be aware of docket activity minimal); *see In re Loomas*, 2013 WL 5615943, at *4.

[28] *See HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 487 (9th Cir. 2015); *In re Groves*, 27 B.R. 866 (Bankr. D. Kan. 1983); *In re Irons*, 173 B.R. 910, 911 (Bankr. E.D. Ark. 1994) (explaining that dismissal without discharge of a Chapter 13 case essentially "restore[s] to [the parties] their rights and positions as they existed prior to the filing of the bankruptcy case.").